IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
3:25-cv-731

| | |
|---|---|
| GERALDINE RAGOO<br><br>                                  Plaintiff,<br><br>    vs.<br><br>DAVID STEINER, in his official capacity as Postmaster General of the United States Postal Service<br><br>                                  Defendant. | **COMPLAINT** |

**NOW COMES** the Plaintiff, Geraldine Ragoo, by and through the undersigned counsel, and brings this action against Defendant David Steiner, in his official capacity as Postmaster General of the United States Postal Service, and alleges as follows:

### INTRODUCTION

    1.    This is an action to enforce a final decision of the Equal Employment Opportunity Commission ("EEOC") issued on June 25, 2025, and received by Plaintiff via mail on June 30, 2025, finding that the United States Postal Service ("USPS") failed to comply with a prior EEOC order requiring reinstatement, reasonable accommodation, and back pay for disability discrimination against Plaintiff under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq.

    2.    Despite the EEOC's orders and findings of discrimination, USPS has failed to provide Plaintiff with a permanent position, failed to provide full back pay and benefits, and

1

continues to classify Plaintiff as on leave without pay, in direct contravention of the EEOC's directives.

## PARTIES

3. Plaintiff Geraldine Ragoo is a resident of Charlotte, North Carolina, and was employed by USPS until being placed on leave without pay in 2018.

4. Defendant David Steiner is the Postmaster General of the United States Postal Service and is named in his official capacity as the head of the agency. USPS is a federal agency subject to the Rehabilitation Act of 1973, as amended.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 794a ("Rehabilitation Act"), and 42 U.S.C. § 2000e-16(c) (Title VII, as incorporated by the Rehabilitation Act).

6. Venue is proper in the Western District of North Carolina pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 29 U.S.C. § 794a, because the alleged discrimination occurred within this district, employment records relevant to the claim are maintained and administered in this district, and Plaintiff would have worked in this district but for the alleged discriminatory practices.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted all administrative remedies required under the Rehabilitation Act and Title VII.

8. On June 9, 2019, Plaintiff filed a federal sector equal employment opportunity ("EEO") complaint with the USPS alleging disability discrimination and failure to accommodate under the Rehabilitation Act.

9. The matter proceeded to a hearing before an EEOC Administrative Judge ("AJ") on May 5th & 6th, 2021.

10. On May 28, 2021, the EEOC AJ issued a decision ruling in Plaintiff's favor, finding that USPS had discriminated against her by failing to provide reasonable accommodation for her disability. Specifically, the Judge directed USPS to:

   a. offer Plaintiff a position at the same grade and pay as the position she would have held but for the discrimination, with all appropriate accommodations for her disability;

   b. pay Plaintiff back pay, with interest, and all other benefits she would have earned from September 1, 2018, to the date of reinstatement;

   c. pay Plaintiff $25,000 in non-pecuniary compensatory damages;

   d. restore any sick or annual leave Plaintiff used as a result of the Agency's failure to accommodate her; and

   e. provide EEO training to the responsible management officials involved in this matter, with emphasis on the requirements of the Rehabilitation Act of 1973 and the Agency's obligations to provide reasonable accommodation.

11. On July 6, 2021, the USPS issued a Notice of Final Agency Action agreeing to fully implement the EEOC AJ's decision, but subsequently failed to provide the full relief ordered. Specifically, USPS failed to implement the Administrative Judge's directive to:

3

Case 3:25-cv-00731-MOC-DCK     Document 1     Filed 09/23/25     Page 3 of 9

a. reinstate Plaintiff to a permanent vacant position for which she was qualified, equivalent in pay, status, and other relevant factors;

b. consult with Plaintiff about her preference before making a placement decision should there be any ambiguity regarding which position was most suitable; and

c. provide reasonable accommodations after having initially denied Plaintiff's request solely because she had a pending worker's compensation claim.

12. On September 20, 2021, when USPS failed to fully implement the EEOC AJ's decision, Plaintiff filed a petition for enforcement with the EEOC Office of Federal Operations ("OFO").

13. The EEOC OFO referred the matter to mediation, but when mediation was unsuccessful, the matter was returned to the OFO's docket for action.

14. On June 25, 2025, the EEOC OFO confirmed USPS's non-compliance and issued a decision on Plaintiff's petition for enforcement, finding that "the Agency still has not complied with the EEOC's prior decision or has failed or refused to submit a required report of compliance" and determined that "any further efforts in the administrative process are futile."

15. The EEOC OFO's decision effectively closed Plaintiff's case without further administrative action, notifying Plaintiff of her right to file a civil action in federal court within 90 days of receipt of the decision.

16. Plaintiff received the EEOC OFO's final decision via mail on June 30th, 2025, and this Complaint is timely filed within the 90-day statutory period.

## FACTUAL ALLEGATIONS

17. Plaintiff began her employment with USPS as a Postal Support Employee ("PSE") on or about August 19, 2015, and was hired as a career employee in August 2018.

18. In 2017, Plaintiff was diagnosed with a seizure disorder and notified USPS of her medical condition. Plaintiff then requested a reasonable accommodation so that she could continue working.

19. After the reasonable accommodation meeting in August 2018, Plaintiff was placed on leave without pay ("LWOP"). The following day, Plaintiff's supervisor prevented her from clocking in for work and sent her home without explanation.

20. Instead of providing a suitable permanent position with accommodations, USPS placed Plaintiff on LWOP, even though she was willing and able to work with the necessary accommodations.

21. Despite the Agency's agreement to fully implement the AJ's decision, USPS has failed to comply with key portions of the ordered relief. Specifically, USPS failed to implement the AJ's directive to reinstate Plaintiff to a vacant position for which she was qualified, equivalent in pay, status, and other relevant factors. The AJ's order also required that if no such position was available, Plaintiff was to be reassigned to a lower-level vacant position for which she was qualified, with preference given to the position most similar to her previous role. If there was ambiguity regarding which position was most suitable, USPS was required to consult with Plaintiff about her preference before making a placement decision. USPS failed to implement this specific aspect of the Administrative Judge's order, as Plaintiff was not reinstated or properly consulted as required.

22. In December 2024, USPS offered Plaintiff a position but did not inform her that it was a temporary position. The paperwork Plaintiff signed accepting the position, effective December 9, 2024, did not indicate it was temporary. This was not the permanent position ordered by the Administrative Judge.

23. This assignment was not permanent and did not restore Plaintiff to full-time, permanent status as ordered by the AJ.

24. The offer letter also warned that refusal of the assignment could affect Plaintiff's entitlement to compensation benefits under the Federal Employees' Compensation Act.

25. Plaintiff accepted the position not knowing it was temporary and has been working since December 9, 2024, to present. Her status on official forms (such as Form 50) remained as LWOP, and her pay status on freeze, benefits, sick leave, and annual leave were not reinstated.

26. After eight months in the temporary role, Plaintiff's employment status and benefits had not changed, and she continued to be denied the full relief ordered by the Administrative Judge.

27. Plaintiff received a partial payment in 2022, covering back pay from September 1, 2018, to October 20, 2021, but was not permanently reinstated. No benefits, sick leave, or annual leave were paid or restored, and Plaintiff's status remained as leave without pay

28. Plaintiff has also lost out on retirement benefits due to USPS's continued non-compliance.

29. The EEOC has concluded that "further administrative efforts in the administrative process are futile" to obtain compliance from USPS.

## COUNT I: ENFORCEMENT OF EEOC ORDER UNDER THE REHABILITATION ACT

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Plaintiff is a qualified individual with a disability under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 et seq.

32. Defendant discriminated against Plaintiff by failing to provide reasonable accommodation for her disability, as found by the EEOC Administrative Judge.

33. The EEOC issued a final decision finding discrimination and ordering Defendant to reinstate Plaintiff to a suitable, permanent position with accommodations, pay back wages and benefits, provide compensatory damages, and restore sick and annual leave.

34. Despite agreeing to comply with the Administrative Judge's decision in its July 6, 2021, Notice of Final Agency Action, Defendant has failed and refused to fully implement the EEOC's order, in violation of the Rehabilitation Act and its implementing regulations.

35. Plaintiff is entitled to enforcement of the EEOC's order and all relief granted therein.

## COUNT II: ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Defendant's failure and refusal to comply with the EEOC's final order constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

38. Defendant's failure and refusal to comply with the EEOC's final order is arbitrary, capricious, an abuse of discretion, and not in accordance with law within the meaning of the APA, 5 U.S.C. § 706(2)(A).

39. Plaintiff is entitled to relief under the APA to compel Defendant to comply with the EEOC's order.

## COUNT III: MANDAMUS

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Plaintiff has a clear right to the relief ordered by the EEOC.

42. Defendant has a clear, non-discretionary duty to comply with the EEOC's final order.

43. Plaintiff has no other adequate remedy available to secure compliance with the EEOC's order, as evidenced by the EEOC's determination that "further administrative efforts in the administrative process are futile."

44. Plaintiff is entitled to a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendant to comply with the EEOC's order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enforce the EEOC's final order by ordering Defendant to:

   i. Reinstate Plaintiff to a suitable, permanent position with reasonable accommodation;

   ii. Pay all back wages, with interest, from September 1, 2018, to the present;

iii. Restore all benefits, sick leave, and annual leave to which Plaintiff would have been entitled but for the discrimination;

iv. Pay compensatory damages of $25,000 as awarded by the EEOC;

v. Implement all other relief ordered by the EEOC;

B. Issue a writ of mandamus compelling Defendant to comply with the EEOC's order;

C. Award Plaintiff front pay and additional compensation for pain and suffering, in an amount to be determined by the Court, but not less than $300,000.

D. Award Plaintiff reasonable attorneys' fees and costs incurred in this dispute, pursuant to 29 U.S.C. § 794a; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of September 2025.

*/s/ Savian Gray-Sommerville*
SAVIAN GRAY-SOMMERVILLE
NC Bar No. 56318
GS Litigation PLLC
101 S. Tryon St., Ste 2700
Charlotte, NC 28280
Tel: (202) 929-3052
Sgray-sommerville@gslitigation.com